UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Holmes, # 289114, | ) C/A No.: 2:11-1129-SB-BHH |
| Plaintiff, | ) ) ) |
| vs. | ) Report and Recommendation ) |
| Michelle D. Fox, Mental Health Counselor, | ) ) |
| Defendants. | ) ) |

Plaintiff George Holmes, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at Evans Correctional Institution, a facility run by the South Carolina Department of Corrections, and files this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.      Factual Background

Plaintiff sues his mental health counselor alleging she has provided false information on a South Carolina Department of Corrections (SCDC) Disciplinary Mental Health Statement. He also alleges he has not been given the proper mental health treatment in preparation for release from incarceration. Plaintiff claims he was on suicide watch for 5 days without a suicide blanket. He also claims that the defendant is trying to kill him and has shown him a "lack of care." He states the defendant will not tell him his diagnosis, and will not respond to written requests, although he states that he is at a risk for suicide and has an IQ of 65. In his complaint, the Plaintiff writes: "lack of engagement, aloof and - conversational, learning disability and mild mental retardation, emotional problems,

mentally ill...." Plaintiff seeks money damages, and a new counselor, claiming "Mrs. Fox is trying to kill me, the voices tell me all the time."

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted

by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

The Prison Litigation Reform Act states that, "no Federal Civil Action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In other words, a prisoner cannot claim emotional injuries without accompanying prior physical injury.

Defendant Fox is a mental health professional, who provides mental health treatment only. Plaintiff alleges, essentially, that Defendant Fox has failed to provide appropriate mental health treatment, however, there is no accompanying prior physical injury. Indeed, Plaintiff does not allege or contend that he suffered a prior physical injury. Plaintiff's only allegation is that he was not provided a "suicide blanket." This does not constitute a physical injury. Nonetheless, Plaintiff has requested injunctive relief and the pleadings before the court do not reveal the nature of the damages requested. The

prohibition on claims for emotional or mental injuries suffered while in custody apply to a request for compensatory damages only. *Thomas v. Carter*, 284 F.3d 411, 417 (2nd Cir.2002).

Nonetheless, a prisoner is not entitled to the treatment of his choice. In *Estelle v. Gamble*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice."

As a result, Plaintiff cannot be provided with another mental health counselor, and the deprivation of someone of his choice is, therefore, not actionable, even if Plaintiff was only seeking nominal or punitive damages.

III.     Conclusion

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Bruce Howe Hendricks
United States Magistrate Judge

July 5, 2011
Charleston, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***
**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).